UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>     v.<br>AKAL CALVERT-DAMU ALLEN,<br>             Defendant. | Case No.  23-cr-00202-VC-1<br><br>**ORDER REGARDING COMPETENCY AND COMMITMENT FOR TREATMENT** |

Counsel for Allen raised the issue of competency at the October 25, 2023, status conference. Based upon good faith representations of Allen's counsel and the Court's review of the complaint and records in this case, the Court ordered that Allen undergo an examination under 18 U.S.C. § 4241 to determine whether he is currently suffering from a mental disease or defect that renders him mentally incompetent to understand the nature and consequences of the proceedings against him or assist properly in his defense. Following an examination by Dr. John Chamberlain, a report was filed outlining Dr. Chamberlain's conclusion that Allen is not competent to stand trial. An evidentiary hearing was held in which Dr. Chamberlain and Allen testified.[1] In the wake of this hearing, the Court finds by a preponderance of the evidence that Allen lacks a rational understanding of the proceedings against him and is unable to consult with his lawyers in a meaningful fashion, such that he is not competent to stand trial. 18 U.S.C. § 4241(c); *see also Dusky v. United States*, 362 U.S. 402 (1960).

---

[1] Based on the facts of this case—and as the government agreed—it would be improper for any statements Allen made at the hearing to be used against him to prove his guilt or for impeachment purposes at trial.

Dr. Chamberlain credibly testified that Allen suffers from an unspecified schizophrenia disorder that is presently interfering with his ability to understand the charges against him and communicate meaningfully with counsel. The Court also conducted an under-seal colloquy with Allen, in which his responses to questions were mostly nonsensical and unrelated to the topics of inquiry. While Allen demonstrated some basic factual understanding of the charges against him, overall, his testimony supports a finding that he is not currently competent to stand trial.

Based on the testimony of Dr. Chamberlain, as well as remarks from Allen's counsel, there appears a reasonable probability that consistent treatment with antipsychotic medications could improve Allen's symptoms. Therefore, Allen is committed to the custody of the Attorney General for treatment in a suitable facility. 18 U.S.C. § 4341(d). No later than four months from the day Allen is received into custody by the Attorney General, a member of the staff of the facility to which Allen has been committed will submit to the Court and the parties a report on Allen's mental competency. The report must address the likelihood that Allen will attain the capacity to permit the proceedings to go forward in the foreseeable future, and whether additional time is required for such treatment to restore Allen to competency to stand trial.

**IT IS SO ORDERED.**

Dated: March 7, 2024

_____
VINCE CHHABRIA
United States District Judge