JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

Attorney for AKAL CALVERT-DAMU ALLEN, SR.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AKAL CALVERT-DAMU ALLEN, SR.,<br><br>DEFENDANT. | CASE NO. 23-CR-00202-VC-1<br><br>**DECLARATION OF JOHN T. PHILIPSBORN IN SUPPORT OF STIPULATION FOR EXTENSION OF TIME FOR COMPLETION OF PRE-SENTENCE PSYCHIATRIC REPORT AND IN SUPPORT OF RESETTING SENTENCING DATE TO OCTOBER 29, 2025**<br><br>DATE:  NONE REQUESTED<br><br>DEPT:  THE HONORABLE VINCE CHHABRIA, DISTRICT JUDGE |

I, JOHN T. PHILIPSBORN, declare that:

1. I am counsel of record for Akal Allen in the above-captioned case.

2. On October 1, 2025, Mr. Allen, Assistant United States Attorney Michael Lagrama, and I appeared before the Court to discuss some pre-sentence concerns outlined to the parties by the Court.  During that hearing, in line with arguments made in a defense Sentencing Memorandum, the Court and I discussed the need for updated information to be supplied to the Court to provide a recognizable legal basis for the Court to impose a condition of supervised release that involved the administration of specified classes of medication.

1

DECLARATION OF JOHN T. PHILIPSBORN IN SUPPORT OF STIPULATION FOR EXTENSION OF TIME FOR COMPLETION OF PRE-SENTENCE PSYCHIATRIC REPORT AND IN SUPPORT OF RESETTING SENTENCING DATE TO OCTOBER 29, 2025

3. As a result of the hearing held on October 1, 2025, I made contact with Dr. Jakob Izenberg, who is the Attending Psychiatrist affiliated with the University of California at San Francisco's Citywide Case Management Programs. I had a series of phone discussions and email exchanges with Dr. Izenberg before this Court issued an Order dated October 6, 2025, that requested that Dr. Izenberg conduct a presentence assessment of Mr. Allen to address specific matters of concern to the Court and counsel.

4. On the morning of Monday, October 6, 2025, Dr. Izenberg resumed communications with me after the religious holiday, and explained that having seen the outline of the Proposed Order that I had sent to him on October 1 and 2, 2025, he would be able to comply with the request, but not by October 15. He asked if he could be given an extension of time past October 15, 2025. My various communications with Dr. Izenberg on Monday, October 6th all occurred *after* Friday, October 3rd, which is the date on which I submitted my proposed draft of the Court's Order. I did not know, when I submitted the draft that Dr. Izenberg was taking some time away from his work, which would inevitably delay the submission of a report to the Court.

5. Immediately after receiving the just-described information from Dr. Izenberg, I wrote an email to the Court, with a copy to Mr. Lagrama. Very shortly after the email was sent, and likely before the Court was ever notified of the email, the Court filed its Order concerning Dr. Izenberg, which reiterated that the next date in Mr. Allen's case for appearance by counsel, in anticipation of Dr. Izenberg's report, would be a hearing to be held on Wednesday, October 15, 2025, at 1:00 p.m.

6. During the further discussions that I had with Dr. Izenberg on October 6, 2025, all via email, Dr. Izenberg informed me that, having reviewed the contents of the Court's October 6, 2025 Order, he believed it would be necessary for him to review the scope of the issues to be addressed in his anticipated report with some of the management at Citywide. Dr. Izenberg also expressed the concern that he would need waivers of confidentiality in hand from Mr. Allen in order to be able to submit the requested report.

7. On the evening of October 6, 2025, I wrote to Mr. Lagrama, asking whether

1  he would have any opposition to my asking for extensions of time for the submission of
2  Dr. Izenberg's report, and for the scheduling of the next hearing in Mr. Allen's case.
3  Mr. Lagrama indicated in an email that he would have no objections to setting the
4  sentencing either one or two weeks after the currently intended date.

**Dr. Izenberg Has Asked for a Two-Week Extension of Time.**

6.  8.   Dr. Izenberg has asked me to ask the Court for a two-week extension of
7  time for him to produce his report.

8.  9.   As of October 10, 2025, I am informed and believe that Dr. Izenberg saw
9  Mr. Allen in the jail yesterday (October 9). After receiving waivers of confidentiality, I
10 furnished Dr. Izenberg copies of many of Mr. Allen's records.

11. 10.  I am well aware that Mr. Allen would like to begin his community
12 programming as soon as possible. I saw Mr. Allen in the Jail on October 8 and informed
13 him of Dr. Izenberg's request. Mr. Allen indicated to me that he understood that the
14 Court needs to hear from Dr. Izenberg, and that Dr. Izenberg needs the time to do the
15 work necessary to prepare his report.

16. 11.  In sum, as of the evening of October 6, 2025, Dr. Izenberg agreed to go
17 forward with the work necessary to prepare the report that has been outlined in the
18 Court's October 6 Order.  As of October 10, 2025, Dr. Izenberg has seen Mr. Allen, and
19 has received background mental health evaluation reports.

20. 12.  For the reasons explained here, I believe that there is just cause for the
21 Court to accept a Stipulation re-setting the sentencing date and providing a new date by
22 which Dr. Izenberg will be submitting his written report to the Court.
23 //
24 //
25 //
26 //
27 //
28 //

I declare under penalty of perjury that the foregoing is true and correct, except as to those matters alleged on information and belief, and as to those matters, I believe this Declaration to be true and accurate.

Executed this 10th day of October, 2025, at San Francisco, California.

*s/John T. Philipsborn*
JOHN T. PHILIPSBORN, Declarant
